IN THE UNITED STATES COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RODNEY ALSUP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CAUSE NO. _____ |
| | § | |
| LIFE INSURANCE COMPANY OF | § | |
| NORTH AMERICA., and CIGNA | § | |
| | § | |
| Defendants. | | |

## COMPLAINT FOR DECLARATORY JUDGMENT

### I. PARTIES

1. Plaintiff is a resident of Ellis County, Texas.

2. Defendant Life Insurance Company of North America is a Stock Insurance Company owned by Defendant CIGNA (collectively referred to as "CIGNA"). Defendants may be served with process by serving the Texas Department of Insurance through its registered agent, CT Corporation, Suite 2900, 350 North Saint Paul Street, Dallas, Texas 76201.

### II. JURISDICTION AND VENUE

3, A federal court has subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Plaintiff seeks a declaratory judgment that CIGNA violated the Employment Retirement Income Security Act of 1974 ("ERISA"). Venue is proper in that a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this judicial district.

## III. SUMMARY OF CLAIM

3. CIGNA systemically circumvents ERISA's requirement that a disability claim be processed within forty-five (45) days by "remanding" an appealed disability claim back to itself for further review. CIGNA's use of this unauthorized procedure poses a serious threat of harm to Plaintiff and other disabled workers. Utilizing this practice, CIGNA took at least seventy (70) days to process Plaintiff's disability claim, and delayed Plaintiff's receipt of disability benefits by at least fifty-one (51) days.

## IV. BACKGROUND

4. Plaintiff is a participant in an employee disability Plan governed by ERISA and administered by CIGNA (hereinafter, the "Plan"). On August 27, 2013, Plaintiff became disabled and thereafter applied for disability benefits. Plaintiff's disability claim was submitted to CIGNA no later than November 25, 2014, the date on which CIGNA wrote a letter to Plaintiff's employer acknowledging the claim and requesting information necessary to process the claim. On December 22, 2014, Plaintiff received a letter from CIGNA advising Plaintiff that his claim for disability benefits was denied because he failed to meet the definition of "totally disabled" and because CIGNA could not rule out a pre-existing condition. Pursuant to the Plan, Plaintiff appealed CIGNA's decision to a "CIGNA Appeals Team" (hereinafter "CIGNA APPEALS") .

5. On March 3, 2015, CIGNA APPEALS notified Plaintiff that "a determination has been made that the prior decision should be overturned but that "the claim management team must complete their evaluation of the provision regarding Pre-existing conditions to confirm that Mr. Alsup is eligible for benefits."

6.     Plaintiff vigorously protested CIGNA's seriatim handling of his disability claim and pointed out that neither ERISA nor the Plan allowed for a piecemeal resolution.  CIGNA ignored Plaintiff's objections, and on March 12, 2015, informed Plaintiff that he would be denied benefits based upon pre-existing condition.  The CIGNA denial letter stated:

> 'We received information which indicates the following:
> Dr. Joslin prescriptions for anxiety and insomnia - Apprazolam - filled July 9, 2013 and July 25,2013
> Dr. Joslin prescriptions for anxiety - Buspirone - filled July 17, 2013
> We spoke with Dr. Eddie Joslin's office on March 12, 2015 and they confirmed the above scripts were filled during the PCL time period for anxiety.  This is the same condition for which you are currently claiming disability.

7.      Plaintiff again objected to CIGNA's actions, pointing out that CIGNA's March 12, 2015 communication with Dr. Joslin's office only confirmed what CIGNA already knew - and such an interview could easily have taken place during CIGNA's initial review.  CIGNA simply ignored Plaintiff's objections and informed Plaintiff that he would have to appeal CIGNA's finding if he did not agree.

8.     Plaintiff appealed CIGNA's second denial of benefits.  On April 23, 2015 CIGNA APPEALS overturned the finding of pre-existing condition and ordered that Plaintiff receive disability benefits.

## V.  ARGUMENT AND AUTHORITY

9.     Nowhere does ERISA or the Plan authorize CIGNA to "remand" (for lack of a better word) a portion of an appeal back to another CIGNA team for further review.   ERISA regulations require that a disability claim review take place within forty-five (45) days.[1]  Likewise, the Plan language provides that a disability determination will be made within forty-five (45) days absent special circumstances which are not present in this case:

---

[1] 29 CFR 2560.503-1

COMPLAINT FOR DECLARATORY JUDGMENT - PAGE 3

>The Insurance Company has 60 days (45 days, in the case of any disability benefit) from the date it receives a request to review the claim and provide its decision. Under special circumstances, the Insurance Company may require more time to review the claim. If this should happen, the Insurance Company must provide notice, in writing, that its review period has been extended for an additional 60 days (45 days in the case of any disability benefit). Once its review is complete, the Insurance Company must state, in writing, the results of the review and indicate the Plan provisions upon which it based its decision.

10.  ERISA requires the Plan to provide the insured "adequate notice in writing" when there has been a denial "setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant." 29 U.S.C. §1133(1).  One of the purposes for such a requirement is to allow the plaintiff an opportunity to marshal the appropriate evidence necessary to contest the denial of benefits during the administrative process.  The only specific reason CIGNA gave for its December 22, 2014 denial due to pre-existing condition was:

>Your effective date of coverage was September 1, 2013 and your stated date of disability is August 27, 2014, which is within the first 12 months following your effective date of coverage.  Accordingly, we evaluated the period of June 1, 2013 through August 31, 2013 to determine if there was a pre-existing condition.  At this time, we have been unable to dismiss a pre-existing condition."

11.  Under ERISA, an insurer bears the burden to prove facts supporting an exclusion of coverage.  Federal courts treat insurer claims of policy exclusions as an affirmative defense. Moreover, exclusions must be interpreted narrowly. *Fought v. UNUM Life Ins. Co. of America*, 357 F.3d 1173, (538 U.S. 882, 123 S.Ct. 1965 (2003).  Under ERISA, CIGNA failed to prove a coverage exclusion and effectively admitted such by stating only that "we have been unable to dismiss a pre-existing condition."

12.  Despite the fact that Plaintiff ultimately did receive benefits, CIGNA took at least seventy (70) days to process Plaintiff's disability claim[2] and delayed Plaintiff's receipt of

---

[2] November 25, 2014 to March 12, 2014

COMPLAINT FOR DECLARATORY JUDGMENT - PAGE 4

disability benefits by at least fifty-one (51) days.[3] CIGNA's violation of ERISA and the Plan language thwarts important ERISA-imposed deadlines, creates unauthorized hurdles to meritorious appeals, and wreaks financial havoc on disabled employees awaiting benefits.

## VI.  DECLARATORY JUDGMENT

13.    Plaintiff seeks a declaratory judgment that CIGNA has violated ERISA and the Plan by utilizing an unauthorized "remand" practice.  Further, Plaintiff is still an insured under the Plan, and seeks to enjoin CIGNA from utilizing this unauthorized practice in the future against Plaintiff and all others similarly situated.

## VII.  ATTORNEYS FEES

14.  CIGNA has steadfastly refused to acknowledge its responsibility under ERISA to determine disability claims within forty-five (45) days.  Plaintiff's suit benefits all members of the Plan, members of other CIGNA plans, and the public at large.   Accordingly, Plaintiff should recover his reasonable attorneys fees.

WHEREFORE, Plaintiff prays that upon final hearing, a declaratory judgment be issued that CIGNA has violated ERISA, that CIGNA be enjoined from utilizing similar practices in the future, that CIGNA be ordered to pay Plaintiff's attorneys fees, and for such other relief to which Plaintiff may show himself entitled.

---

[3] March 3, 2015 to April 23, 2015

Respectfully submitted,

/s/ Frank L. Hill
Frank L. Hill
State Bar No. 09631500
500 West 7th Street, Suite 600
Fort Worth, Texas 75701
frankhillattorney@gmail.com
(208) 596-6006
ATTORNEY FOR PLAINTIFF