## IN THE UNITED STATES COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **RODNEY ALSUP,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CAUSE NO. 3:15-CV-01708-G** |
| | § | |
| **LIFE INSURANCE COMPANY OF** | § | |
| **NORTH AMERICA** | § | |
| | § | |
| **Defendant.** | | |

## SECOND AMENDED COMPLAINT

## I.  PARTIES

1.      Plaintiff  is a resident of  Ellis County, Texas.

2.      Defendant Life Insurance Company of North America is a Stock Insurance Company ("CIGNA") and has entered an appearance in this suit.

## II.  JURISDICTION AND VENUE

3,      This federal court has subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.  Plaintiff seeks a declaratory judgment that CIGNA has violated the Employment Retirement Income Security Act of 1974 ("ERISA") and possibly a constructive trust to disgorge CIGNA of its wrongful profits. Venue is proper in that a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this judicial district.

## III.  SUMMARY OF CLAIMS

4.      Unauthorized "Remand" Procedure  CIGNA systemically circumvents ERISA's requirement that a disability appeal be determined within forty-five (45) days by "remanding" an appealed disability claim back to itself for further review.   CIGNA's use of this unauthorized

procedure poses a serious threat of harm to Plaintiff and other disabled workers.  Utilizing this practice, CIGNA took at least eighty four (84) days to process Plaintiff's long-term disability appeal rather than the forty five (45) days required by ERISA and the Plan.

<u>Failure to Provide Full and Fair Review</u>

After finally awarding Plaintiff long term disability benefits on April 28, 2015, CIGNA abruptly discontinued those benefits on July 17, 2015.   CIGNA claims adjusters use their unfettered discretion to ignore medical evidence and wrongfully revoke benefits.   CIGNA's review process falls beneath ERISA's requirement that Plans implement a "full and fair review" procedure.

## IV.  BACKGROUND

5.     Plaintiff is a participant in an employee disability Plan governed by ERISA and administered by CIGNA (hereinafter, the "Plan").  On August 27, 2014, Plaintiff became disabled and thereafter applied for disability benefits.  On December 22, 2014, Plaintiff received a letter from CIGNA advising Plaintiff that his claim for disability benefits was denied because he failed to meet the definition of "totally disabled" and because CIGNA could not rule out a pre-existing condition.  On January 9, 2015, Plaintiff appealed CIGNA's decision to a "CIGNA Appeals Team" (hereinafter "CIGNA APPEALS")  pursuant to the Plan.

6.   On March 3, 2015, CIGNA APPEALS notified Plaintiff that "a determination has been made that the prior decision should be overturned but that "the claim management team must complete their evaluation of the provision regarding Pre-existing conditions to confirm that Mr. Alsup is eligible for benefits."

7.     Plaintiff vigorously protested CIGNA's seriatim handling of his disability claim and pointed out that neither ERISA nor the Plan allowed for a piecemeal resolution.  CIGNA ignored

Plaintiff's objections, and on March 12, 2015, informed Plaintiff that he would be denied benefits

based upon pre-existing condition.  The CIGNA denial letter stated:

> 'We received information which indicates the following:
> Dr. Joslin prescriptions for anxiety and insomnia - Apprazolam - filled July 9, 2013 and
> July 25,2013
> Dr. Joslin prescriptions for anxiety - Buspirone - filled July 17, 2013
> We spoke with Dr. Eddie Joslin's office on March 12, 2015 and they confirmed the above
> scripts were filled during the PCL time period for anxiety.  This is the same condition for
> which you are currently claiming disability.

8.      Plaintiff again objected to CIGNA's actions, pointing out that CIGNA's March 12,

2015 communication with Dr. Joslin's office only confirmed what CIGNA already knew - and

such an interview could easily have taken place during CIGNA's initial review.  CIGNA simply

ignored Plaintiff's objections and informed Plaintiff that he would have to appeal CIGNA's

finding if he did not agree.

9.      Plaintiff appealed CIGNA's second denial of benefits.  On April 23, 2015 CIGNA

APPEALS overturned the finding of pre-existing condition and stated that Plaintiff would

receive short term and long disability benefits.

10.   On July 17, 2015, CIGNA abruptly informed Plaintiff that his disability benefits were

being discontinued for "lack of clinical support" despite ample medical evidence establishing

that Plaintiff was still disabled.  CIGNA claims adjusters ignore medical evidence and revoke

disability benefits on whim.  ERISA requires that CIGNA maintain a disability claims procedure

that provides for a "full and fair review."[1]   CIGNA's disability claims procedure is operated by

claims adjusters operating by fiat and wreaking financial havoc on disabled workers.

11.      Prior to his disability, Plaintiff was a successful executive and he and his wife

maintained a near perfect credit score.   Once Plaintiff lost his salary due to disability,  Plaintiff

began selling whatever he could to pay bills including investment properties and collectibles

---

[1] 29 CFR 2560.503-1(5)

accumulated over decades such as baseballs signed by Willie Mays, Hank Aaron, and Joe DiMaggio. Every single day that CIGNA wrongfully delayed Plaintiff's disability benefits added misery and financial harm to Plaintiff.

## V.  ARGUMENT AND AUTHORITY

12.     Nowhere does ERISA or the Plan authorize CIGNA to "remand" (for lack of a better word) a portion of an appeal back to another CIGNA team for further review.   The Plan language provides:

**Appeal Procedure for Denied Claims**

The Insurance Company has 60 days (45 days in the case of any claim for disability benefits) from the date it receives a request to review the claim and provide its decision. Under special circumstances, the Insurance Company may require more time to review the claim.  If this should happen, the Insurance Company must provide notice, in writing, that its review period has been extended for an additional 60 days (45 days in the case of any disability benefit). Once its review is complete, the Insurance Company must state, in writing, the results of the review and indicate the Plan provisions upon which it based its decision.

13.     ERISA requires the Plan to provide the insured "adequate notice in writing" when there has been a denial "setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant." 29 U.S.C. §1133(1).  One of the purposes for such a requirement is to allow the plaintiff an opportunity to marshal the appropriate evidence necessary to contest the denial of benefits during the administrative process.  The only specific reason CIGNA gave for its December 22, 2014 denial due to pre-existing condition was:

Your effective date of coverage was September 1, 2013 and your stated date of disability is August 27, 2014, which is within the first 12 months following your effective date of coverage.   Accordingly, we evaluated the period of June 1, 2013 through August 31, 2013 to determine if there was a pre-existing condition.  At this time, we have been unable to dismiss a pre-existing condition."

14.     Under ERISA, an insurer bears the burden to prove facts supporting an exclusion of coverage.  Federal courts treat insurer claims of policy exclusions as an affirmative defense.

Moreover, exclusions must be interpreted narrowly.  *Fought v. UNUM Life Ins. Co. of America*, 357 F.3d 1173, (538 U.S. 882, 123 S.Ct. 1965 (2003).  Under ERISA, CIGNA failed to prove a coverage exclusion and effectively admitted such by stating only that "we have been unable to dismiss a pre-existing condition."

15.    Despite the fact that Plaintiff ultimately did receive benefits, CIGNA took at least eighty four (84) days to determine Plaintiff's disability claim.[2]  CIGNA conduct thwarts important ERISA-imposed deadlines, creates unauthorized hurdles to meritorious appeals, and wreaks financial havoc on disabled employees awaiting benefits.

## VI.  DECLARATORY JUDGMENT

16.    Plaintiff seeks a declaratory judgment that CIGNA has violated ERISA and the Plan by utilizing an unauthorized "remand" practice.  Further, Plaintiff is still an insured under the Plan, and seeks to enjoin CIGNA from utilizing this unauthorized practice in the future against Plaintiff and all others similarly situated.  Further, Plaintiff seeks a declaratory judgment that CIGNA's disability review procedure fails to provide a "full and fair review" required by ERISA.

## VII.  CONSTRUCTIVE TRUST

17.    CIGNA is enriching itself at the expense of Plaintiff and other similarly situated disabled workers.   A constructive trust should be imposed to capture unjust enrichment.  *See Clair & OMalley v. Harris Trust Sav. Bank,* 190 F.3d 495 (7th Cir 1999).

## VIII.  ATTORNEYS FEES

18.    CIGNA has steadfastly refused to acknowledge its responsibility under ERISA to determine disability claims within forty-five (45) days.  Plaintiff's suit benefits all members of

---

[2]January 29, 2015 to April 23, 2015

SECOND AMENDED COMPLAINT - PAGE 5

the Plan, members of other CIGNA plans, and the public at large.   Accordingly, Plaintiff should

recover his reasonable attorneys fees.

WHEREFORE, Plaintiff prays that upon final hearing, a declaratory judgment be issued

that CIGNA has violated ERISA, that CIGNA be enjoined from utilizing similar practices in the

future, that a constructive trust be imposed to recapture what CIGNA has wrongfully denied

Plaintiff and similarly situated insureds, and that CIGNA be ordered to pay Plaintiff's attorneys

fees, and for such other relief to which Plaintiff may show himself entitled.

Respectfully submitted,

/s/ Frank L. Hill
Frank L. Hill
State Bar No. 09631500
500 West 7th Street, Suite 600
Fort Worth, Texas 75701
frankhillattorney@gmail.com
(208) 596-6006
ATTORNEY FOR PLAINTIFF

## `CERTIFICATE OF SERVICE

On July 28, 2015, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the CM/ECF system which will send a notice of electronic filing to all counsel of record. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/Frank L. Hill*
Frank L. Hill