IN THE UNITED STATES COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **RODNEY ALSUP,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| V. § | **CAUSE NO. 3:15-CV-01708-G** |
| § | |
| **LIFE INSURANCE COMPANY OF** § | |
| **NORTH AMERICA** § | |
| § | |
| **Defendant.** | |

**THIRD AMENDED COMPLAINT**

**I.  PARTIES**

1. Plaintiff is a resident of Ellis County, Texas.

2. Defendant Life Insurance Company of North America is a Stock Insurance Company ("CIGNA") and has entered an appearance in this suit.

**II.  JURISDICTION AND VENUE**

3, This federal court has subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.  Plaintiff seeks a declaratory judgment that:  1)  Plaintiff is disabled and entitled to past and future benefits pursuant to a CIGNA disability policy; that CIGNA has violated the Employment Retirement Income Security Act of 1974 ("ERISA") in its claims handling procedures, that CIGNA be ordered to comply with improved claims handling procedures; that a constructive trust be imposed to disgorge CIGNA of its wrongful profits.  Venue is proper in that a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this judicial district.

## III.  SUMMARY OF CLAIMS

4.      A.  <u>Recovery of Disability Benefits</u>    CIGNA has wrongfully refused to pay Plaintiff disability payments to which he is entitled under a CIGNA disability policy.  Plaintiff received long-term disability benefits from November 25, 2014 through July 16, 2015, at which time CIGNA abruptly terminated benefits.

B.  <u>Unauthorized "Remand" Procedure</u>    CIGNA has breached its insurance agreement to determine a disability claim within forty-five (45) days by "remanding" an appealed disability claim back to itself for further review.  CIGNA's use of this unauthorized procedure poses a serious threat of harm to Plaintiff and other disabled workers.  Utilizing this practice, CIGNA took at least eighty four (84) days to process Plaintiff's long-term disability appeal rather than the forty five (45) days required by the Plan.

C.  <u>Failure to Provide Full and Fair Review</u>    CIGNA claims adjusters use their unfettered discretion to ignore medical evidence and wrongfully revoke benefits.  When a medical doctor retained by CIGNA finds that an insured is disabled, CIGNA claims adjusters promptly "fire" that doctor and hire a different medical provider until a finding against the insured is obtained.  CIGNA ignores evidence that favors the insured, including the previous finding of its own doctor, and inevitably finds that Plaintiff is not disabled.  Such conduct falls beneath ERISA's requirement that Plans implement a "full and fair review" procedure.

## IV.  BACKGROUND

5.    Plaintiff is a participant in an employee disability Plan governed by ERISA and administered by CIGNA (hereinafter, the "Plan").  On August 27, 2014, Plaintiff became disabled and thereafter applied for disability benefits.  On December 22, 2014, Plaintiff received a letter from CIGNA advising Plaintiff that his claim for disability benefits was denied because

Case 3:15-cv-01708-G-BN Document 25 Filed 11/24/15 Page 3 of 8 PageID 110

he failed to meet the definition of "totally disabled" and because CIGNA could not rule out a pre-existing condition. On January 9, 2015, Plaintiff appealed CIGNA's decision to a "CIGNA Appeals Team" (hereinafter "CIGNA APPEALS") pursuant to the Plan.

6. On March 3, 2015, CIGNA APPEALS notified Plaintiff that "a determination has been made that the prior decision should be overturned but that "the claim management team must complete their evaluation of the provision regarding Pre-existing conditions to confirm that Mr. Alsup is eligible for benefits."

7. Plaintiff vigorously protested CIGNA's seriatim handling of his disability claim and pointed out that neither ERISA nor the Plan allowed for a piecemeal resolution. CIGNA ignored Plaintiff's objections, and on March 12, 2015, informed Plaintiff that he would be denied benefits based upon pre-existing condition. The CIGNA denial letter stated:

> 'We received information which indicates the following:
> Dr. Joslin prescriptions for anxiety and insomnia - Apprazolam - filled July 9, 2013 and July 25, 2013
> Dr. Joslin prescriptions for anxiety - Buspirone - filled July 17, 2013
> We spoke with Dr. Eddie Joslin's office on March 12, 2015 and they confirmed the above scripts were filled during the PCL time period for anxiety. This is the same condition for which you are currently claiming disability.

8. Plaintiff again objected to CIGNA's actions, pointing out that CIGNA's March 12, 2015 communication with Dr. Joslin's office only confirmed what CIGNA already knew - and such an interview could easily have taken place during CIGNA's initial review. CIGNA simply ignored Plaintiff's objections and informed Plaintiff that he would have to appeal CIGNA's finding if he did not agree.

9. Plaintiff appealed CIGNA's second denial of benefits. On April 23, 2015 CIGNA APPEALS overturned the finding of pre-existing condition and stated that Plaintiff would receive short term and long disability benefits. In part, the decision was made based upon the

THIRD AMENDED COMPLAINT - PAGE 3

opinion of an independent physician hired by CIGNA named Dr. Dyckmn, who had concluded that Plaintiff was disabled.

10. On July 17, 2015, CIGNA abruptly informed Plaintiff that his disability benefits were being discontinued for "lack of clinical support" despite ample medical evidence establishing that Plaintiff was still disabled.  CIGNA claims adjusters ignore medical evidence and revoke disability benefits on whim.  ERISA requires that CIGNA maintain a disability claims procedure that provides for a "full and fair review."[1]   CIGNA's disability claims procedure is operated by claims adjusters operating by fiat and wreaking financial havoc on disabled workers.

11. Prior to his disability, Plaintiff was a successful executive and he and his wife maintained a near perfect credit score.  Once Plaintiff lost his salary due to disability, Plaintiff began selling whatever he could to pay bills including investment properties and collectibles accumulated over decades such as baseballs signed by Willie Mays, Hank Aaron, and Joe DiMaggio.  Every single day that CIGNA wrongfully delayed Plaintiff's disability benefits added misery and financial harm to Plaintiff.

12. On October 9, 2015, CIGNA denied Plaintiff's long term disability claim.  In so doing, CIGNA ignored the opinion of CIGNA's own independent medical examiner, and also the opinions of a board certified Texas psychiatrist and Ph.D psychologist who have spent hours evaluating and testing Plaintiff.  CIGNA never bothered to conduct an independent medical examination of Plaintiff.  CIGNA simply ignored the testing provided by Plaintiff and concluded that there was no "compelling" evidence of cognitive impairment.

## V. ARGUMENT AND AUTHORITY

**A.     Failure to Provide Benefits**

13. CIGNA's disability policy provides that:

---

[1] 29 CFR 2560.503-1(5)

THIRD AMENDED COMPLAINT - PAGE 4

> The Employee is considered disabled if, solely because of injury or sickness, he or she is:
> 1) unable to perform the material duties of his or her Regular Occupation; and
> 2) unable to earn 80% or more of his or her indexed Earnings from working in his or her Regular Occupation.

Plaintiff is disabled within the definition of the Plan and is entitled to receive disability benefits. Plaintiff received disability benefits from November 25, 2014 through July 16, 2015, at which time CIGNA wrongfully terminated benefits.

**B.  Failure to Follow Plan Claims Handling Procedures**

14. CIGNA's disability policy provides that:

> The Insurance Company has 60 days (45 days in the case of any claim for disability benefits) from the date it receives a request to review the claim and provide its decision. Under special circumstances, the Insurance Company may require more time to review the claim. If this should happen, the Insurance Company must provide notice, in writing, that its review period has been extended for an additional 60 days (45 days in the case of any disability benefit). Once its review is complete, the Insurance Company must state, in writing, the results of the review and indicate the Plan provisions upon which it based its decision.

13. ERISA requires the Plan to provide the insured "adequate notice in writing" when there has been a denial "setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant." 29 U.S.C. §1133(1). One of the purposes for such a requirement is to allow the plaintiff an opportunity to marshal the appropriate evidence necessary to contest the denial of benefits during the administrative process. The only specific reason CIGNA gave for its December 22, 2014 denial due to pre-existing condition was:

> Your effective date of coverage was September 1, 2013 and your stated date of disability is August 27, 2014, which is within the first 12 months following your effective date of coverage. Accordingly, we evaluated the period of June 1, 2013 through August 31, 2013 to determine if there was a pre-existing condition. At this time, we have been unable to dismiss a pre-existing condition."

14. Under ERISA, an insurer bears the burden to prove facts supporting an exclusion of coverage. Federal courts treat insurer claims of policy exclusions as an affirmative defense.

Moreover, exclusions must be interpreted narrowly. *Fought v. UNUM Life Ins. Co. of America*, 357 F.3d 1173, (538 U.S. 882, 123 S.Ct. 1965 (2003). Under ERISA, CIGNA failed to prove a coverage exclusion and effectively admitted such by stating only that "we have been unable to dismiss a pre-existing condition."

15. Despite the fact that Plaintiff ultimately did receive benefits, CIGNA took at least eighty four (84) days to determine Plaintiff's disability claim.[2] CIGNA conduct thwarts important ERISA-imposed deadlines, creates unauthorized hurdles to meritorious appeals, and wreaks financial havoc on disabled employees awaiting benefits.

16. CIGNA claims adjusters use their unfettered discretion to ignore medical evidence and wrongfully revoke benefits. When a medical doctor retained by CIGNA finds that an insured is disabled, CIGNA claims adjusters promptly "fire" that doctor and hire a different medical provider until a finding against the insured is obtained. CIGNA then ignores evidence that favors the insured, including the previous finding of its own doctor, and inevitably finds that Plaintiff is not disabled.

17. In May 2013, CIGNA reached a regulatory settlement with five states concerning its handling of long-term disability claims. The settlement reached with California, Connecticut, Maine, Massachusetts and Pennsylvania, required CIGNA to improve its claims handling procedures and undergo two-year monitoring program and pay $1.5 million in fines. CIGNA has refused to implement improved claims handling procedures in Texas and should be ordered by this Court to do so.

## VI. DECLARATORY JUDGMENT

16. Plaintiff seeks recovery of disability benefits and a declaratory judgment that CIGNA must reinstate disability benefits from July 17, 2015 to the time this matter is tried, and

---

[2] January 29, 2015 to April 23, 2015

for future benefits as he may show himself entitled. Plaintiff further seeks a declaratory judgment that CIGNA has violated ERISA and the Plan by utilizing an unauthorized "remand" practice. Finally, Plaintiff seeks a declaratory judgment that CIGNA's disability review procedure fails to provide a "full and fair review" required by ERISA and that CIGNA must implement improved claims handling procedures as it has agreed to do in other states.

## VII.  CONSTRUCTIVE TRUST

17.  CIGNA is enriching itself at the expense of Plaintiff and other similarly situated disabled workers. A constructive trust should be imposed to capture unjust enrichment. *See Clair & OMalley v. Harris Trust Sav. Bank,* 190 F.3d 495 (7th Cir 1999).

## VIII.  ATTORNEYS FEES

18. CIGNA has failed to pay Plaintiff disability benefits according to the Plan, and has steadfastly refused to acknowledge its responsibility under the Plan to determine disability claims within forty-five (45) days. Further, CIGNA's failure to implement improved claims handling procedures in Texas shows that this suit is needed to benefit all members of CIGNA Plans. Accordingly, Plaintiff should recover his reasonable attorneys fees.

WHEREFORE, Plaintiff prays that upon final hearing, that CIGNA be ordered to reinstate and pay Plaintiff's disability benefits from the date they were discontinued to the time this lawsuit is heard, for future benefits as he may show himself entitled, that a declaratory judgment be entered that CIGNA has violated ERISA, that CIGNA be enjoined from utilizing similar practices in the future; that it be ordered to comply with the same improved claims handling practices that it agreed to comply with in its settlement with California, Connecticut, Maine, Massachusetts and Pennsylvania; that a constructive trust be imposed to recapture what CIGNA has wrongfully denied Plaintiff and similarly situated insureds, and that CIGNA be

ordered to pay Plaintiff's attorneys fees, and for such other relief to which Plaintiff may show himself entitled.

        Respectfully submitted,

        /s/ Frank L. Hill
        Frank L. Hill
        State Bar No. 09631500
        500 West 7th Street, Suite 600
        Fort Worth, Texas 75701
        frankhillattorney@gmail.com
        (208) 596-6006
        ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

On November 11, 2015, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the CM/ECF system which will send a notice of electronic filing to all counsel of record. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

        */s/Frank L. Hill*
        Frank L. Hill